**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael MCMURTRY, Defendant–
Appellant.**

**No. 01–2157.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 5, 2001.

Decided Nov. 27, 2001.

Before BAUER, POSNER, and RIPPLE, Circuit Judges.

## ORDER

In December of 2000, Michael McMurtry was tried and convicted as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), the district court assessed an additional penalty and sentenced him to a total of 235 months in prison. McMurtry now appeals, claiming the district court gave an improper jury instruction on the statutory term "firearm" which prevented a unanimous jury verdict, and that the imposition of additional penalties provided for in the Armed Career Criminal Act, 18 U.S.C. § 924(e), violated the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they were not submitted to the jury and proved beyond a reasonable doubt. Because the issues McMurtry presents for review have been previously foreclosed by this court, we affirm.

## A. Jury Instruction

Jury instructions are reviewed *de novo*, with substantial discretion given to the district court's chosen, precise wording of a particular instruction, so long as it accurately and completely states the law. *Savino v. C.P. Hall Co.*, 199 F.3d 925, 934 (7th Cir.1999). The government asserts review is for plain error because McMurtry failed to object to the instruction. *E.g., United States v. Durman,* 30 F.3d 803, 810 (7th Cir.1994). McMurtry asserts that he did object, and according to the facts in the government's brief, it appears that McMurtry objected to the jury instructions several times on the grounds that certain language be added. Moreover, even after the district court added

the language, McMurtry again objected to the instruction as being unconstitutional on its face as applied to him, claiming the instruction contained contradictory disjunctive clauses. We can discern no distinction between the trial objection and the argument on appeal; however the standard of review is of little consequence because under either standard the instruction was permissible.

■ McMurtry claims that the jury instruction allowed the jury to render a non-unanimous verdict. The term "firearm," as defined in § 921(a)(3), has multiple definitions, and the jury instruction essentially mimicked the relevant ones. Section 921(a)(3) defines a "firearm" as:

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. 18 U.S.C. § 921(a)(3).

The jury was instructed that a firearm:

> as defined in Title 18 U.S.C. § 921(a)(3), a firearm means: any weapon which will expel a projectile by the action of an explosive; or any weapon which is designed to expel a projectile by the action of an explosive; or any weapon which may be readily converted to expel a projectile by the action of an explosive; or the frame or receiver of such weapon.

McMurtry asserts that the instruction should have specified which of the definitions the jury found him to have violated. He further contends that by not separating the three definitions in subsection (A), some members of the jury might have agreed that he violated one definition, while others found he violated another, producing a non-unanimous verdict.

The 9mm Smith & Wesson semi-automatic handgun McMurtry possessed was operable, but not fully. An ATF special agent test fired the weapon and apparently could not get the gun's magazine to feed the firing chamber. However, the agent was able to fire the weapon by loading a primer round into the chamber and manually working the action so the slide moved forward and discharged the round, but the weapon did not eject the round as it should have. According to the government, the gun did not eject the round because a primer round was used; though the agent testified that the gun was designed to expel a projectile.

Consistent with the instruction and statutory definition, the jury could have found that the gun was a "firearm" by determining it was: (1) a "weapon (including a starter gun) which will ... expel a projectile by the action of an explosive;" (2) a "weapon (including a starter gun) which ... is designed to ... expel a projectile by the action of an explosive;" or (3) a "weapon (including a starter gun) which ... may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A). This issue was disputed at trial and based on the facts outlined above, McMurtry argued that the gun did not expel a projectile and thus did not meet the first definition, and that it was malfunctioning and broken so it was not "readily [ ] converted" under the third definition. On appeal McMurtry argues that the instruction prevented him from preparing a defense, relieved the prosecution of its burden, and allowed the jury to disagree on this element of the offense.

The Supreme Court and this circuit have repeatedly held that where there are several acts upon which a jury could convict, a general instruction listing all of the possible acts under which the jury can convict is permissible. *See, e.g., Griffin v. United*

*States*, 502 U.S. 46, 49–52, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (holding that the rule "that a general jury verdict was valid so long it was legally supportable on one of the submitted grounds … [is] also applied to the analogous situation at issue here: a general jury verdict under a *single* count charging the commission of an offense by two or more means") (emphasis in original); *United States v. Durman*, 30 F.3d 803, 809–10 (7th Cir.1994) ("Where the relevant statute lists alternative means of violation, the 'general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive … the verdict stands if the evidence is sufficient with respect to any of the acts charged.'") (quoting *United States v. Cusumano*, 943 F.2d 305, 311 (3rd Cir.1991)).

### B. McMurtry's Sentence

McMurtry challenges his sentence of 235 months because the jury convicted him only of violating 18 U.S.C. § 922(g)(1), which carried a penalty of only 120 months, while the judge assessed an additional 115 months pursuant to 18 U.S.C. § 924(e). We review the application of a federal statute *de novo*. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 860 (7th Cir.1998); *cf. U.S. v. Valenti*, 121 F.3d 327, 334 (7th Cir.1997). The government contends that McMurtry failed to object to the disclosure of the prior convictions, thus we should review for plain error. *United States v. Skidmore*, 254 F.3d 635, 641 (7th Cir.2001). McMurtry contests the government's characterization, which is important to his argument that *Apprendi's* holding warrants reversal in this case. Regardless, the argument over the standard of review is academic, for under either standard the result is the same.

McMurtry asserts that under *Apprendi*, he should have been charged with violating 18 U.S.C. § 924(e) in the indictment, the issue should have been submitted to the jury, and the statute's elements proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 489–90 ("'[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'"). McMurtry argues that *Apprendi*, while upholding *Almendarez–Torres v. United States*, 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), only excludes prior convictions that were admitted by the defendant from due process and Sixth Amendment strictures and not contested issues of fact. *Apprendi*, 530 U.S. at 488–90 (narrowing *Almendarez–Torres* as applying only to its "unique facts"); *Almendarez–Torres*, 523 U.S. at 247–48 (expressing "no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on the severity of sentence" because defendant admitted the prior convictions). According to McMurtry's recitation of the facts, he never admitted to the prior convictions, therefore, the elements of § 924(e) should have been charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. The government responds that McMurtry did not contest the presentence report, and that the Supreme Court's holdings in *Apprendi* and *Almendarez–Torres* and our holding in *Skidmore* have rejected the argument that prior convictions, which are the basis for sentencing enhancements, must be submitted to a jury and proved beyond reasonable doubt.

McMurtry argues that because he was not indicted for a violation of § 924(e), he was not given notice of the charges, and was sentenced for an offense he was not convicted of violating. The legal and factual analogy to *Apprendi* is that a separate statute, not a statutory subsection or the

sentencing guidelines, increased the penalty McMurtry faced. Apprendi's punishment was increased substantially by a statute wholly separate from the one he was charged with and convicted under, while in *Almendarez–Torres* the added penalty was included in a subsection of the statute Almendarez–Torres was charged with violating. *Apprendi*, 530 U.S. at 468–69, 476 ("As a matter of simple justice, it seems obvious that the procedural safeguards designed to protect Apprendi from unwarranted pains should apply equally to the *two acts* that New Jersey has singled out for punishment.") (emphasis added); *Almendarez–Torres*, 523 U.S. at 228–30 (reviewing the statute to determine if Congress intended to create a separate crime or a sentencing factor); *cf. id.* at 249 (Scalia, J., dissenting) (finding that "[t]he text of the statute supports … the conclusion that subsection (b)(2) is a separate offense"). While the Court has not yet confronted this precise issue, in *Almendarez–Torres* it viewed prior convictions as sentencing factors under the rubric of recidivism. *Id.* at 230 (viewing prior convictions as sentencing factors because the conduct in question, prior crimes, were not independently unlawful or part of the predicate offense, therefore, the consideration of past conduct was used only in determining a penalty for the unlawful act at issue).

McMurtry also argues that a conviction under § 924(e) requires proof of specific additional facts beyond the simple fact that he was previously convicted. His claim is that the characterization of the previous felony convictions as "violent" or "serious drug offenses," and the fact that they had to be committed on different occasions indicates that § 924(e) creates a separate offense from that of § 922(g)(1). For example, in contrast to the Sentencing Guidelines, § 924(e) is very specific as to what type of convictions will suffice to increase the penalty. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4A1.1 (providing for additional points if the prior offense resulted in "imprisonment exceeding one year and one month" or "at least sixty days"); *see also Apprendi*, 530 U.S. at 482–85 ("But practice must at least adhere to the basic principles undergirding the requirements of trying to a jury all facts necessary to constitute a *statutory offense,* and proving those facts beyond reasonable doubt.") (emphasis added). This argument brings us full circle, back to McMurtry's assertion that § 924(e) is a completely separate statutory offense, which should be submitted to the finder of fact and proved beyond a reasonable doubt, and not later determined by a judge in the penalty phase. *See id.* 474–85 & n. 10 ("Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense.").

■ However, McMurtry's challenge must fail because we recently addressed the same issue and determined *Apprendi* does not require § 924(e)'s elements be charged, submitted to the jury, or proved beyond a reasonable doubt. *United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001). In that case, we reasoned that "*Apprendi* does not overrule the holding of *Almendarez–Torres* … that penalty enhancements based on recidivism need not be established beyond a reasonable doubt." *Id.* That is a logical interpretation of the holdings of *Apprendi* and *Almendarez–Torres* and it is the law of this circuit, and until the Supreme Court decides to revisit and expand *Apprendi*, we are bound to uphold it. AFFIRMED.